**In re LOMBARD–WALL INCORPORAT-ED, Debtor.**

**LOMBARD–WALL INCORPORATED, Plaintiff,**

v.

**BANKERS TRUST COMPANY, Defendant.**

Bankruptcy No. 82 B 11556 (EJR).
Adv. No. 82–6075–A.

United States Bankruptcy Court,
S. D. New York.

Sept. 20, 1982.

Cadwalader, Wickersham & Taft, New York City, for debtor.

Moses & Singer, New York City, for Bankers Trust Co.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

EDWARD J. RYAN, Bankruptcy Judge.

Plaintiff Lombard-Wall Incorporated ("Lombard"), by its counsel, Cadwalader, Wickersham & Taft, having proposed the following Findings of Fact and Conclusions of Law with respect to its Application for Turnover and Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(3) against Bankers Trust Company ("Bankers"), it is hereby found:

*Findings of Fact*

1. Prior to Lombard's filing of the Chapter 11 petition herein, Bankers acted as a clearing agent for Lombard.

2. Pursuant to this clearing arrangement, Lombard placed certain securities (the "Securities") in Bankers' possession, which have been described in an inventory submitted to the Court by Bankers.

3. Many of the Securities and/or the proceeds thereof, having an aggregate value of approximately $225 million, are still in Bankers' possession.

4. Pursuant to 11 U.S.C. § 1108 and orders of this Court authorizing Lombard to continue to complete and settle existing transactions and to engage in the ordinary course of its business, Lombard has successfully settled a large percentage of outstanding transactions on terms extremely favorable to the estate.

5. Many of Lombard's securities which are pledged to the Dormitory Authority of the State of New York (the "Authority") are held by Bankers.

6. As of September 14, 1982, Lombard had no significant reserve of securities, apart from those held by Bankers, with which to effect, complete and settle transactions with the Authority.

7. The interest rates which Lombard is obligated to pay the Authority under the repurchase agreements pursuant to which the securities are pledged are generally high, and it is extremely beneficial to the estate for Lombard to be in a position to repay or even pre-pay the Authority, especially in light of falling interest rates.

8. If the Authority cannot cause the return of these Securities to Lombard because they are in Bankers' possession, Lombard cannot settle the transactions and the estate will continue to be subject to substantial interest obligations.

9. It is critical for Lombard to be able to use the Securities in order to effect substitutions of collateral with respect to outstanding transactions and to return borrowed Securities. Use of the Securities for these purposes will augment the estate by (a) eliminating the borrowing fee payable by Lombard where Lombard has borrowed securities and (b) reclaiming excess values for the estate where the bonds borrowed have less market value than the Securities pledged by Lombard to secure the borrowing.

10. If Lombard is unable to use the Securities to complete transactions in the current favorable market, Lombard and the estate will be subject to substantial market risks should market conditions change.

11. Lombard has offered to provide "adequate protection" to Bankers (a) with respect to Bankers' liquidated claim by offering to set aside $635,000 in an escrowed debtor-in-possession account, and (b) with respect to Bankers' unliquidated claim, by offering to set aside $1,500,000 in cash or securities in an escrowed debtor-in-possession account.

12. No customer of Lombard has sued or commenced any other proceeding against Bankers' alleging Bankers' liability on account of Bankers' having followed the directions of Lombard.

13. The adversary proceeding brought by the Dormitory Authority of the State of New York does not allege and does not imply that Bankers is personally liable to the Authority in the amount of approximately $50 million.

14. All known creditors were given notice of Lombard's Application.

15. Lombard is in the process of structuring a reorganization plan in consultation with its creditors. In order to continue that process, Lombard must have the use of the Securities.

16. Unless Lombard is able to obtain and use the Securities immediately, Lombard's ability to continue the settlement of outstanding transactions will be halted and Lombard will be forced to stop its operations, leaving the estate and its creditors facing financial disaster.

### Conclusions of Law

1. Since Lombard requires immediate turnover of all of the Securities in order to accomplish a reorganization, turnover of the Securities is required pursuant to 11 U.S.C. § 105(a).

2. Lombard's Application complies with Bankruptcy Rule 911.

3. Lombard's Application does not request the same relief as does Lombard's Complaint, and is properly brought pursuant to 11 U.S.C. §§ 363 and 542.

4. Lombard has fulfilled all of its obligations pursuant to Paragraph 10 of the Health and Hospitals Stipulation.

5. Due notice of Lombard's Application has been given.

### MEMORANDUM TO ACCOMPANY FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court is fully aware of the mandate of the Supreme Court that a trial court cannot blindly accept a party's Proposed Findings of Fact and Conclusions of Law. However, when the findings proposed are consistent with the record and the conclusions proposed are agreeable with the law, no useful purpose would be served by the court's rewriting the same except with minor modifications. *See, United States v. El Paso Natural Gas Co.,* 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964). Accordingly, the debtor's Proposed Findings of Fact and Conclusions of Law as modified are being adopted by the court.