In re **LOMBARD–WALL INCORPORATED, Debtor.**

**LOMBARD–WALL INCORPORATED, Plaintiff,**

v.

**DOBBIN & COMPANY, Defendant.**

**Bankruptcy No. 82 B 11556 (EJR). Adv. No. 83–6108A.**

United States Bankruptcy Court, S.D. New York.

June 21, 1984.

Moses & Singer, New York City, for Dobbin & Co.

Cadwalader, Wickersham & Taft, New York City, for Lombard-Wall Inc.

Burton Freeman, New York City, Vice President and General Counsel, Bankers Trust Co., New York City.

## DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

EDWARD J. RYAN, Bankruptcy Judge.

On August 12, 1982, Lombard-Wall filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1121. Lombard-Wall was in the business of trading, buying, selling and otherwise dealing in government-guaranteed obligations and other money market instruments with major financial institutions. Bankers Trust Company (Bankers Trust) was Lombard-Wall's clearing agent for the transfer of United States Government bonds and other securities.

In carrying out various securities transactions for Lombard-Wall, from time to time Bankers Trust used Dobbin & Co. (Dobbin) to engage in transactions with respect to those securities.

Dobbin is a partnership composed entirely of officers from Bankers Trust. Its sole business and purpose is to act as Bankers Trust's agent with respect to securities transactions and to act only in accordance with Bankers Trust's specific instructions.

On September 7, 1982, Lombard-Wall commenced an adversary proceeding against Bankers Trust seeking the turnover of approximately $225-million worth of securities.

On September 15, 1982, this court ordered the turnover of the securities to Lombard and the creation of certain segregated accounts. 23 B.R. 165. Bankers Trust then appealed the September 15 order to the Southern District Court of New York pursuant to Bankruptcy Rule 8003. In addition, Bankers Trust filed a cross-claim against Lombard for pre-petition indebtedness, post-petition interest, administrative expenses and certain sums of money aggregating $688,469.

Due to the complex nature of the case and the various claims of Lombard-Wall and Bankers Trust, both parties determined that a negotiated settlement was more preferable than continued litigation. The negotiated settlement was agreed upon by the parties on December 13, 1982, and approved by this court on December 22, 1982.

Under the terms of the agreement, Bankers Trust delivered to Lombard-Wall a release and an executed stipulation of dismissal of the appeal taken on September 15, 1982. In turn, Lombard-Wall released Bankers Trust and "its affiliates, agents and officers from any and all suits, debts, causes of action, accounts, claims, demands, etc.," which Lombard-Wall had or could have had by "reason of any matter cause or thing whatsoever from the beginning of the world to the day of the date hereof." Additionally, six claims were itemized on a schedule and annexed to the release, and these claims represented the sole exceptions to the general release given by Lombard-Wall.

On November 22, 1983, Lombard-Wall initiated the instant action against Dobbin. In its complaint, Lombard-Wall asserts that it was the owner of certain Government National Mortgage Association certificates (GNMA's) and that Dobbin unlawfully converted principal and interest that were due and owing to Lombard-Wall.

In response to Lombard-Wall's complaint, Dobbin filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Dobbin claims that the release executed by Lombard-Wall on December 13, 1982, extinguished all prior debts and claims against Bankers Trust and its affiliates and subsidiaries.

Lombard-Wall, in opposition to the motion to dismiss, asserts that the settlement agreement and release of December 13, 1982 were solely intended to deal with the controversy regarding Bankers Trust's role and liability as Lombard-Wall's transfer agent and were never intended to release the defendant, Dobbin, from the claim set forth in the complaint. Lombard-Wall points out that Bankers Trust's role as Lombard-Wall's transfer agent had been called into question by the adversary proceeding initiated by Lombard-Wall on Sep-

tember 7, 1982 and subsequently disposed of by the settlement agreement and release. Lombard-Wall argues that Dobbin was not a transfer agent for Lombard-Wall and that Dobbin would never have been subject to the liability Bankers Trust faced as a result of the initial litigation commenced by Lombard-Wall and as such Dobbin is not absolved from liability for the wrongful retention of securities which Lombard-Wall asserts it owns and which Dobbin had received as a transferee.

The question before this court is whether the instant action commenced by Lombard-Wall against Dobbin is covered by the release executed by Lombard-Wall on December 13, 1982.

This court finds that the Rule 12(b)(6) motion filed by Dobbin shall be treated as a summary judgment motion. See Fed.R. Civ.P. 12(b)(6).

The release executed by Lombard-Wall on December 13, 1982 is clear on its face. The release specifically provides that Bankers Trust and each and all of its subsidiaries, affiliates, agents, directors or employees should be released from any suit, claim or cause of action. From the facts stated above, it is clear that Dobbin is an agent of Bankers Trust and thereby is covered by the general release agreement executed by Bankers Trust and Lombard-Wall.

Furthermore, the specific reservation of six claims in the December 13, 1982 release, does not include the instant claim that is now before this court.

In construing the general release and the six specific exceptions therein, this court finds that it is clear the parties intended to release all other claims against Bankers Trust and its related affiliates or agents.

"Where the language … is unambiguous, no need exists to resort to other means of interpretation. Effect must be given to the parties' intent as indicated by the language itself." *Leslie Fay, Inc. v. Rich,* 478 F.Supp. 1109 (S.D.N.Y.1979). In the instant case, the "intention of the parties may be gathered from the four corners of the instrument." *Id.* at 1113. It is evident, then that "where a contract is unambiguous, summary judgment is appropri-

ate." *In re Sapolin Parts, Inc.,* 11 B.R. 930, 936 (1981).

Accordingly, this court finds that the pending adversary action commenced by Lombard-Wall against Dobbin should be dismissed pursuant to Bankruptcy Rule 7056.

It is so ordered.